Nos. 9552-9553.

SNIDER ET AL. *v.* BOURQUIN ET AL.

1. CORPORATIONS—*Levy on Stock.* It is not contemplated by the statute that an officer shall determine the ownership of corporate shares, otherwise than by the books of the corporation.

As to creditors no one is an owner of shares unless shown by the books to be such owner.

A sale under execution against one person, of shares standing on the books of the corporation in the name of another, is without effect.

Stock not transferred on the books may be reached by proper proceedings.

2. ——*Rights of Pledgee.* Plaintiff received in pledge from an Apartment Company, corporate stock standing on the books of the company in the name of a third person. Defendants having judgments against the apartment company levied upon the shares, caused them to be sold by sheriff, and became the purchasers. Plaintiff, though he had never complied with the statute as to the registration of the pledge (Rev. Stat., sec 870), was allowed to maintain an action to vacate the sale to the defendants.

*Error to Weld District Court, Hon. Robert G. Strong, Judge.*

Mr. HENRY HOWARD, JR. and Mr. ELBERT C. SMITH, for plaintiffs in error.

Mr. WALTER E. BLISS, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

DEFENDANT in error took from The Ideal Apartment Company, as part security for an indebtedness to him, twenty-two shares of the stock of The Buckers Ditch Company, belonging to said Apartment Company, but standing on the books of the Ditch Company in the name of one Zelders; and four shares of the stock of The Meadow Island Ditch Company, also owned by said Apartment Company, but standing on the books of said last mentioned Ditch Company in the name of Snider, the assignor thereof. Bourquin, more than sixty days after he had received the certificates of stock, all of which were indorsed in blank in the usual form, addressed a communication to the said ditch companies, requesting that the fact that he held said shares of stock as security, be recorded in the corporation books; but did not state, as the statute requires, for what amount the stock had been pledged. While the situation was as above stated, plaintiff in error, Campbell, became the owner of a judgment against said Apartment Company, on which an execution issued, and the stock in the New Buckers Ditch Company was sold by the sheriff, after a levy under sections 3618 to 3628 R. S. 1908, Snider being the purchaser at said sale. In the meantime, Snider had obtained a judgment against the Apartment Company under which he caused the said stock in The Meadow Island Ditch Company to be sold by the sheriff, under the provisions of the above mentioned sections, Campbell being the purchaser at the sale. The suits now under consideration were brought by defendant in error against Campbell and Snider to have his lien on said shares adjudged to be paramount to their claim to said stock. The suits were

consolidated and plaintiff had judgment. The defendants bring the case here on error.

The sole question to be determined is whether or not a levy can be made, under the statute, sections 3618 and 3619, R. S. 1908, upon the right of a holder of a stock certificate which has not been transferred on the books of the corporation.

Section 870, R. S. 1908, provides that: "No transfer of stock shall be valid for any purpose whatever, except to render the person to whom it shall be transferred liable for the debts of the company according to the provisions of this act, unless it shall have been entered therein" (in the stock book), "as required by this section, within sixty days from the date of such transfer, by an entry showing to and from whom transferred; or, in case of the pledge of any such stock, a memorandum be made upon the books of said company, showing to whom and for what amount the stock has been pledged."

Section 3618 reads as follows: "When any execution or writ of attachment shall be issued against any person being the owner of any shares or stock in any incorporated company, or for whom or to whose use any shares or stock in any incorporated company are held by any person other than such defendant, it shall be the duty of the president, cashier, secretary or chief clerk of such incorporated company, upon the request of the officer having such execution or writ of attachment, to furnish him a certificate under his hand, stating the number of rights or shares which the defendant holds, or which are held in trust for such defendant, or to his use, in the stock of such incorporated company."

Section 3619 provides that: "Any officer, upon obtaining information in the manner provided in the last section, or otherwise, that a defendant in any execution or writ of attachment held by him, owns or holds any rights or shares in the stock of any incorporated company, or that such rights or shares are owned or held by any other person in trust for, or to the use of such defendant, may make a levy of such execution or writ of attachment on such rights or

shares by leaving a true copy of such writ with the president, secretary or chief clerk of such incorporated company, etc.," with a certificate of levy, etc.

Reading these sections together, it is plain that the purpose is to make it possible for an attaching or judgment creditor to reach shares of stock, which were not subject to levy at common law, by following the prescribed procedure. By section 870 a transfer of shares must be entered on the stock book to prevent their being liable for the debts of the person in whose name they stood on said book. The procedure prescribed by the other two sections is intended to reach the interest of the shareholder of record. Of no other right or interest could the officers of the corporation certify. When they had informed the sheriff that a defendant in an execution or attachment owned or held shares, the writ could be executed as the section provided. It could not have been contemplated that the officers should determine the ownership of shares otherwise than by reference to the books. As to creditors no one was an owner of shares, according to section 870, who was not shown by the books so to be. The provision requiring a memorandum of pledged stock shows this fact clearly.

In *Pullen v. Headberg,* 53 Colo. 502, 127 Pac. 954, complaint was made because an officer of a corporation did not certify that stock was owned by a person for whom it was asserted the shareholder of record held as trustee. This court held that the officer was right in certifying ownership in the record shareholder; that he had no right to determine, from evidence outside the company books, who in fact was entitled to the stock. That, we said, was a matter for a court.

The levy and sale in this case did not affect the interest of the defendant in error, and the trial court did not err in finding in his favor. We do not, of course, hold that an interest in stock not transferred on the company's books, may not be reached by proper judicial proceedings.

Chief Justice Garrigues and Mr. Justice Burke concur.

The judgment in each case is affirmed.

*Affirmed.*